IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, 801 Market Street, Suite 1300 Philadelphia, PA 19107<br><br>Plaintiff,<br><br>v.<br><br>**MEL-K MANAGEMENT COMPANY**, 10160 Queens Way #6 Chagrin Falls, OH 44023<br><br>Defendant. | CIVIL ACTION NO.:<br><br>1:14-cv-2155<br><br>COMPLAINT AND <u>JURY TRIAL DEMAND</u> |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, sex and conduct protected under Section 704(a) of Title VII, and to provide appropriate relief to Sabrina McHenry, who filed a charge of discrimination, and a class of current and former black employees who were adversely affected by such practices.

As alleged with greater particularity below, the Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Mel-K Management Company ("Defendant") has engaged in race-based harassment against a class of black employees, and race-based and sex-based harassment

1

against McHenry, and further retaliated against McHenry which culminated in her discharge, all in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been an Ohio corporation doing business in the State of Ohio and the City of Chagrin Falls, and has continuously had at least 15 employees.

**5.** At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Sabrina McHenry filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 2012, Defendant has engaged in unlawful employment practices, in violation of Sections 703(a)(1)-(2) and 704(a) of Title VII, 42 U.S.C. § 2000e-(2)(a)(1)-2 and § 2000e-3(a). The unlawful employment practices include but are not limited to, the following:

   a. Subjecting McHenry and a class of current and former black employees to a racially hostile work environment. The harassment includes, but is not limited to, General Manager Sue Shellko frequently calling black employees names such as "nigger," "hoe," and "black bitch." Shellko regularly used the term "nigger" not only to describe employees, but to describe customers as well, all in the presence of the employees. In addition to racial epithets, Shellko would also make stereotypical remarks about blacks. Moreover, in October 2013, Shellko physically threatened McHenry, shouting that she would "snatch [her] nappy ass hair";

b. Depriving black employees of equal terms and conditions of employment, such as regularly allowing white employees more breaks than black employees and disciplining blacks for coming in late while relaxing the same rules for white employees;

c. Subjecting McHenry to sex-based harassment including but not limited to Shellko regularly addressing McHenry as "bitch" and "hoe";

d. Defendant had knowledge of the harassment but failed to take prompt or corrective action;

e. After McHenry complained of the harassment, Defendant retaliated against her by removing her from her assigned location and conditioning future employment on a transfer to an undesirable location, which culminated in McHenry's discharge.

f. Defendant took no action against Shellko who, upon information and belief, continues to be employed by Defendant.

8. The effect of the practices complained of in paragraphs 7(a)-(f) above has been to deprive McHenry and a class of current and former black employees of equal employment opportunities and otherwise adversely affected their status as employees, because of their race and McHenry's status as an employee because of her race, sex, and as an individual who engaged in protected activity.

9. The unlawful employment practices complained of in paragraphs 7(a)-(f) above were and are intentional.

10. The unlawful employment practices complained of in paragraphs 7(a)-(f) above were and are done with malice or with reckless indifference to the federally protected rights of McHenry and a class of current and former black employees of Defendant's.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in race-based and sex-based harassment and retaliation.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to make whole Sabrina McHenry by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and front pay in lieu thereof.

D.  Order Defendant Employer to make whole McHenry by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7(a)-(f) above, including emotional

pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

  E. Order Defendant to make whole a class of current and former black employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7(a)-(b), (d)-(f) above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

  F. Order Defendant to pay McHenry punitive damages for its malicious and reckless conduct described in paragraphs 7(a)-(f) above, in amounts to be determined at trial.

  G. Order Defendant to pay a class of current and former black employees punitive damages for its malicious and reckless conduct described in paragraphs 7(a)-(b), (d)-(f) above, in amounts to be determined at trial.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    Respectfully submitted,

    P. DAVID LOPEZ
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    DEBRA M. LAWRENCE
    Regional Attorney

    MARIA L. MOROCCO
    Supervisory Trial Attorney

    EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
    Washington Field Office
    131 M Street, NE
    Fourth Floor, Suite 4NWO2F
    Washington D.C.

    JENNIFER L. HOPE
    Senior Trial Attorney

    EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
    Philadelphia District Office
    801 Market Street, Suite 1300
    Philadelphia, PA 19107
    (215) 440-2841
    jennifer.hope@eeoc.gov