UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
EQUAL EMPLOYMENT :
OPPORTUNITY COMMISSION :
: CASE NO. 1:14-CV-02155
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. 8, 27]
MEL-K MANAGEMENT COMPANY :
:
Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On September 29, 2014, the Equal Employment Opportunity Commission ("EEOC") initiated this action against Defendant Mel-K Management Company for alleged "race-based harassment against a class of black employees, and race-based and sex-based harassment [and retaliation] against [Charging Party Sabrina] McHenry . . . ."[1/] On October 28, 2014, Defendant moved to dismiss the complaint or alternatively stay these proceedings based on the EEOC's failure to conciliate in good faith prior to filing this lawsuit.[2/] With its motion, Defendant attached conciliation communications between its counsel and counsel for the EEOC, and referred to these conciliation communications throughout its motion.

One day later, on October 29, 2014, the EEOC moved to strike Defendant's motion and supporting exhibits on the ground that they impermissibly disclosed confidential conciliation communications without the written consent of the EEOC, in violation of 42 U.S.C. § 2000e-5(b).[3/]

---

[1/] Doc. 1 at 1–2.
[2/] Doc. 4.
[3/] Doc. 8.

-1-

Case No. 1:14-CV-02155
Gwin, J.

Defendant opposes the motion.[4] In response to Defendant's opposition, the EEOC clarified that it is only seeking to strike the confidential communications, and has no objection to the use of non-confidential information in Defendant's motion.[5]

Before the EEOC can file suit under Title VII against an employer for discrimination, it must first "endeavor to eliminate any . . . alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion."[6] However, "[t]he form and substance of those conciliations is within the discretion of the EEOC," as long as its efforts were done in good faith.[7]

The parties' communications during conciliation are confidential under Title VII: "Nothing said or done during and as a part of [conciliation] may be made public by the [EEOC], its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned."[8] This explicit prohibition against disclosure is absolute and "contains no exception allowing such information to be admitted for a collateral purpose, such as to satisfy a court that the EEOC's efforts to conciliate were sufficient."[9]

Defendant's motion to dismiss included as exhibits several exchanges of correspondence between its counsel and counsel for the EEOC. It also referred to this correspondence in its motion, including lengthy direct quotations. Using these documents as evidence in this action without the written consent of the EEOC violates the prohibition against disclosure contained in Title VII, and

---

[4] Doc. 10.
[5] *See* Doc. 17 at 12 n.8.
[6] 42 U.S.C. § 2000e-5(b).
[7] *E.E.O.C. v. Keco Indus., Inc.*, 748 F.2d 1097, 1102 (6th Cir. 1984).
[8] 42 U.S.C. § 2000e-5(b).
[9] *E.E.O.C. v. Mach Mining, LLC*, 738 F.3d 171, 175 (7th Cir. 2013), *cert. granted*, 134 S. Ct. 2872 (2014).

Case No. 1:14-CV-02155
Gwin, J.

the proper remedy is to strike them.[10]

For the foregoing reasons, the EEOC's motion to strike the confidential conciliation communications and documents is **GRANTED**. Defendant is **ORDERED** to re-file its motion to dismiss within seven days.[11] The EEOC is **ORDERED** to respond to the motion to dismiss on its merits within twenty-one days after the revised motion to dismiss is filed.[12]

  IT IS SO ORDERED


Dated: January 26, 2015                    s/      *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE

---

[10] *See E.E.O.C. v. Kmart Corp.*, No. GJH-13-CV-2576, 2014 WL 5320957, at *1 (D. Md. Oct. 16, 2014).

[11] Defendant is, of course, free to attach relevant, non-confidential evidence to support its motion.

[12] The EEOC's motion to extend their deadline to respond to the motion to dismiss on the merits to February 26, 2015, is thus **GRANTED IN PART** and **DENIED IN PART**. *See* Doc. 27.

-3-